Ruffin, Chief Justice.
The point, whether the right of. action on this contract,, supposing it to be a lawful and valid contract — is in the husband in his own right, or survived to him as administrator of the wife, involves much nice learning. We are relieved from going into it by other matter apparent in the record, upon which we are satisfied that neither the husband, nor the husband and wife together, could have an action upon this contract. It is an agreement between the next of kin of an intestate for an administration of the estate and its distribution by one of them, without obtaining letters of administration, or taking the oath of office, or giving bond. This is prohibited by the act of 1715, Rev. ch. 10, s. 4 and 5, under a penalty of fifty pounds. (See 1 Rev. Stat. ch. 46, sec. 8.) After a vast number of cases upon the subject, it seems to be now perfectly settled, that no action will be sustained in affirmance and enforcement of an executory contract to do an immoral act, or one against the policy- of the law, the due course of justice, or the prohi *124 bition of a penal statute. The distinction between an act ma-lum in se and one merely malum prohibitum was never sound, and is entirely disregarded ; for the law would be false to itself if it allowed a party through its tribunals to derive advantage from a contract made against the intent and express provisions of the law. Lankton v. Hughes, 1 Maul and Selw. 593, and Bensley v. Bignold, 5 Barn. and Ald. 341, establishes this principle upon consideration of all the previous cases. It will be seen at once-that the Court could . . . _ . , . - not give the plaintiff a judgment; since by the very act of receiving the sum recovered the plaintiff would be executor (¡q son tort which is a consequence which a Court cannot , allow itself to be made accessory.
No dia_> tinction ia nised be-in se and one merely1 malum win for the law would be' false to it-lowed aa1’ S“ty>, ., through its tribunals, to derive advantage from a contract made against the intent and express pro-j¿^0nS
The nonsuit must therefore stand and the judgment be affirmed,
Per Cuiuam. Judgment affirmed,